# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 0021 | DATE | 1/12/12 |
| CASE TITLE | Burney Robinson vs. Cook County State's Attorney, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form or pay the full $350 filing fee. Plaintiff is also ordered to show good cause in writing why the complaint should not be dismissed as barred by the doctrine of *res judicata* and/or the statute of limitations. The clerk is directed to send Plaintiff an i.f.p. application along with a copy of this order. Failure of Plaintiff to fully comply with order within thirty days of the date of this order will result in summary dismissal of this case.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff, Burney Robinson, has brought this *pro se* rights action but has not paid the required filing fee nor moved to proceed *in forma pauperis*. Plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form or pay the full $350 filing fee.

    Furthermore, based on a review of Plaintiff's complaint and the exhibits attached to the complaint, *see* 42 U.S.C. § 1915A, the Court finds that the complaint appears to be barred by the doctrine of *res judicata* and the statute of limitations.

    A review of the court's docket reflects that Plaintiff already filed multiple suits against multiple defendants regarding apparently the same proceedings at issue in the case at bar. *See Robinson v. Walker*, Case No. 04 C 5146 (N.D. Ill.); *see also*, *Robinson v. State of Illinois*, Case No. 09 C 1946 (N.D. Ill.) (dismissed by Minute Order of May 28, 2009, because claims were barred by the Eleventh Amendment, the doctrine of *res judicata*, and the statute of limitations); *Robinson v. Attorney General for State of Illinois*, Case No. 09 C 6229 (N.D. Ill) (dismissed by Minute Order of November 5, 2009, because claims were untimely and failed to state a claim); *Robinson v. City of Chicago*, Case No. 3191 (dismissed by Minute Order of July 20, 2010, because claims were barred by *res judicata* and were time-barred).

    In Case No. 04 C 5146, Plaintiff alleged that he was subjected to false arrest, false imprisonment, reckless endangerment, malicious prosecution, obstruction of justice, and exposure to "special danger," in violation of his Fourth and Fourteenth Amendment rights as well as state law. By Memorandum Opinion and Order of May 29, 2007 (Darrah, J.), this Court granted IDOC Director Roger Walker's motion for summary judgment; in the same order, the court additionally dismissed the complaint as to the remaining defendants for want of service. The U.S. Court of Appeals for the Seventh Circuit dismissed Plaintiff's ensuing appeal on March 3, 2008.

    Plaintiff may not now bring what appears to be a fifth suit based on the same alleged conduct that took place in April of 2004. The doctrine of *res judicata* bars relitigation of claims that were already decided by a court of competent jurisdiction. Under *res judicata*, a final judgment on the merits of an action precludes the

Page 1 of 2

| STATEMENT |
|---|

parties or their privies from relitigating issues that were or could have been raised in that action. *See, e.g., San Remo Hotel, L.P. v. City and County of San Francisco, Cal.*, 545 U.S. 323, 336 (2005); *Cole v. Board of Trustees of University of Illinois*, 497 F.3d 770, 772 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). Plaintiff may not resuscitate his claims simply by attempting to raise "new" claims against "new" defendants based on the same conduct raised in his previous lawsuit(s).

Second, irrespective of whether *res judicata* applies, Plaintiff's claims appear to be time-barred. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Here, it appears that Plaintiff is suing over events that took place in 2004.

For the foregoing reasons, Plaintiff is also ordered to show good cause in writing why the complaint should not be dismissed for failure to state an actionable claim. Failure of Plaintiff to fully comply with this order will result in summary dismissal of this matter.